IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIK ROBERTSON, | : |
| Petitioner, | : CIVIL ACTION |
| vs. | : NO. 13-2657 |
| COURT OF COMMON PLEAS, PHILADELPHIA COUNTY, et al., | : |
| Respondents. | : |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                               **SEPTEMBER 27, 2013**

Presently before this Court is Petitioner, Malik Robertson's ("Petitioner"), Motion for Reconsideration of this Court's September 3, 2013 Memorandum and Order denying Petitioner's Petition for Writ of Habeas Corpus. Respondent, the Philadelphia District Attorney's Office ("Respondent"), did not file a response.[1] For the reasons stated below, the Motion is denied.

**I.     BACKGROUND[2]**

Petitioner is currently on bail awaiting retrial in a case in which he was charged with several criminal offenses that arose out of a home invasion and shooting on June 24, 2011. The

---

[1] Local Rule 7.1(c) provides that a party opposing a motion "shall serve a brief in opposition together with such answer or other response that may be appropriate, within (14) days after service of the motion and supporting brief." E.D. Pa. Local R. 7.1(c).

[2] A more complete procedural and factual history of this matter is set forth in this Court's previous Memorandum Opinion. See Robertson v. Court of Common Pleas, No. 13-2657, 2013 WL 4718951, at *1 (E.D. Pa. Sept. 3, 2013).

matter is pending in the Court of Common Pleas of Philadelphia County (Commonwealth v. Malik Robertson, CP-51-CR-0010597-2011).

On May 14, 2013, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking to bar the state retrial on double jeopardy grounds. (Doc. No. 1.) On September 3, 2013, this Court filed a Memorandum Opinion denying the Petition for failure to exhaust state court remedies. See Robertson, 2013 WL 4718951, at *4-6. In addition, we found that no "extraordinary circumstances"[3] were present to excuse the exhaustion requirement. Id. at 6-7. Moreover, we also denied the Petition under the Younger doctrine.[4] Id. at *7-8. Petitioner filed the instant Motion for Reconsideration on September 4, 2013. (Doc. No. 12.) As noted, Respondent opted not to file a response.

## II.   STANDARD OF REVIEW

The purpose of a Motion for Reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). This Circuit has held that the party seeking reconsideration must demonstrate at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Jackson v. Rohm & Haas Co.,

---

[3]A habeas court can review the merits of a claim without exhausting that claim if "extraordinary circumstances" are present. See Moore v. DeYoung, 515 F.2d 437, 448 (3d Cir. 1975).

[4]See Younger v. Harris, 401 U.S. 37 (1971). The Younger doctrine provides that a federal court may properly abstain from exercising jurisdiction when doing so would impermissibly interfere with ongoing state court proceedings. See Williams v. Red Bank Bd. of Educ., 662 F.2d 1008 (3d Cir. 1981).

No. 06-1540, 2007 WL 579662, at *2 (3d Cir. Feb. 26, 2007).

This standard does not allow a party a "second bite at the apple." See Bhaunagar v. Surrendra Overseas Ltd., 52 F.3d 120, 123 (3d Cir. 1995). "A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one. A motion for reconsideration should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Kennedy Indus. Inc. v. Aparo, No. 04-5967, 2006 WL 1892685, at *1 (E.D. Pa. July 6, 2006).

Moreover, in light of the court's interest in the finality of its judgments, such motions "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." Calhoun v. Mann, No. 08-458, 2009 WL 1321500, at *1 (E.D. Pa. May 12, 2009) (citing Ciena Corp. v. Corvis Corp., 352 F. Supp. 2d 526, 527 (D. Del. 2005)).

## III. DISCUSSION

### A. Exhaustion of State Court Remedies

Petitioner first challenges our decision that he has not exhausted his state court remedies. Petitioner argues that we erred in our interpretation of Commonwealth v. Orie, 22 A.3d 1021 (Pa. 2011). In our decision, we stated that "[w]e read Orie as holding that a state appellate court's review of a trial court's determination that a claim of trial court abuse in declaring a mistrial is frivolous is strictly a 'preliminary one' and solely limited to the issue of frivolousness." See Robertson, 2013 WL 4718951, at *5. In holding so, we quoted Orie as follows:

> We emphasize that the appellate court's consideration of a petition for

3

> review in the Brady setting is preliminary in nature. Thus, in a case such as this one, it does not answer the merits of the underlying question of whether the trial court abused its discretion in declaring a mistrial. That question will be answered if the appeal is permitted to go forward under Bolden. Again, at the Brady petition for review stage, the appellate court's focus is on the finding of frivolousness.

22 A.3d at 1027.

Petitioner asserts that we erred in omitting any discussion of the paragraphs which follow the above quoted portion of Orie. These paragraphs state:

> Of course, the appellate court's review of the trial court's finding of frivolousness may require some preliminary assessment of the ruling or event giving rise to the double jeopardy challenge- here, Petitioner's challenge to the underlying propriety of the trial court's declaration of a mistrial. Accordingly, we have granted review of the second question raised by Petitioner, as quoted above, so that our remand permits the Superior Court to address this underlying question, to the degree necessary, in order to assess the trial court's finding of frivolousness.
>
>     \*    \*    \*    \*
>
> Accordingly, we direct the Superior Court to consider the merits of Petitioner's previously filed Petition for Review as it concerns the trial court's determination of frivolousness.

Id. at 1028. Petitioner argues that this language "requires the state appellate courts to consider the merits of the underlying double-jeopardy claim 'to the degree necessary' so that an intelligent determination can be made on the issue of frivolousness." (Mot. Recons. at 3.) We first disagree that this language "requires" the review suggested by Petitioner.

Orie plainly states that its remand "permits" the Superior Court to "address this underlying question, to the degree necessary, in order to assess the trial court's finding of frivolousness." 22 A.3d at 1028. However, we agree with Petitioner that such review is limited

4

to the issue of frivolousness as Orie plainly states. It seems that our disagreement with Petitioner's interpretation of Orie centers on the difference between an appellate review of a trial court's determination that a motion to dismiss on double jeopardy grounds is frivolous, and an appellate review of the underlying merits that a trial court abused its discretion in declaring a mistrial. Petitioner apparently is arguing here that the review is the same. However, we are of the opinion that the Pennsylvania Supreme Court clearly made a distinction between the two in Orie.[5] We first note that if there is no distinction, the Orie Court could easily have just determined that the appellate courts should always go to the merits when a defendant raises a double jeopardy claim in a motion to dismiss before the trial court. Instead, as noted above, the Court plainly stated that "the appellate court's consideration of a petition for review in the Brady setting is preliminary in nature. Thus, in a case such as this one, it does not answer the merits of the underlying question of whether the trial court abused its discretion in declaring a mistrial. 22 A.3d at 1027. Thus, based on such language, we concluded that the Pennsylvania appellate courts' reviews of Petitioner's appeals were limited only to the issue of frivolousness. Under Orie, we determined that when Petitioner appealed Judge McDermott's decision of frivolousness to the Superior Court, that Court was limited to a preliminary review, which was confined to the issue of frivolousness. Likewise, when Petitioner appealed the Superior Court's affirmance of Judge McDermott's decision that the motion to dismiss was frivolous to the Pennsylvania

---

[5]In limiting the appellate courts review to the issue of frivolousness, Orie reasoned that the availability of an automatic stay upon the filing of a direct appeal on the merits of a double jeopardy claim "'encourages the use of frivolous appeals as a means of avoiding prosecution.' Such ' needless delays engendered by frivolous appeals hinder the administration of justice as well as the public interest.'" 22 A.3d at 1025 (quoting Commonwealth v. Brady, 508 A.2d 286, 291 (Pa. 1986)).

5

Supreme Court, that Court was limited to the same review. We again reiterate that nowhere does Orie state that the appellate courts have unlimited discretion to go to the merits of the underlying claim.[6]

As we noted in our Memorandum Opinion, "[t]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Accordingly, because the Pennsylvania Courts were limited in their review of Petitioner's appeals, the state courts have not yet been given a "full and fair opportunity" to address the underlying merits of Petitioner's double jeopardy claim. Moreover, according to 28 U.S.C. § 2254(c), a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. See Id.; Castille v. Peoples, 489 U.S. 346, 350 (1989). Here, we again find that Petitioner has a remedy left "available" to him in the form of a direct appeal to the Pennsylvania appellate courts if he is convicted in a retrial. Accordingly, we again find that Petitioner has not exhausted his state remedies, and that Petitioner's argument is without merit.

We note that such a finding does not result in a defendant's double jeopardy rights being inadequately protected in the state court. Orie noted that precluding direct appeals of the merits

---

[6]Petitioner also asserts that in Orie, upon remand from the Supreme Court, "the Superior Court did review the merits of the trial court's decision to declare the mistrial." (Mot. Recons. at 3.) We, however, disagree. In Orie, the Supreme Court specifically directed "the Superior Court to consider the merits of Petitioner's previously filed Petition for Review as it concerns the trial court's determination of frivolousness." 22 A.3d at 1028. Moreover, on remand, the Superior Court noted that its review was limited to the issue of frivolousness. Id. It stated that "[w]e conclude that the court properly found Petitioner's motion to dismiss on double jeopardy grounds was frivolous." Commonwealth v. Orie, 33 A.3d 17, 31 (Pa. Super. 2011), appeal denied, 32 A.3d 1195 (Pa. 2011).

of a double jeopardy claim and automatic stays of retrial upon a written finding of the trial court that the claim is frivolous "still affords the defendant the opportunity to initially assert his claim before a tribunal and retrial is not permitted unless the claim is shown to the satisfaction of that court to be frivolous." 22 A.3d at 1025 (citing Commonwealth v. Brady, 508 A.2d 286, 291 (Pa. 1986)). Thus, a trial court could find that a motion to dismiss on double jeopardy grounds was not frivolous and the case would be stayed while the merits were considered. In addition, Orie stated that "should the Superior Court overturn the trial court's finding of frivolousness, the petitioner would be free to file a notice of appeal as of right." 22 A.3d at 1027.

### B. The Younger Doctrine

We also declined to consider the merits of Petitioner's double jeopardy claim under the Younger doctrine.[7] See Robertson, 2013 WL 4718951, at *8-9. In our decision, we noted that "several courts have recognized that a colorable double jeopardy clause claim is an example of one of the very few 'unusual circumstances' enunciated in Younger that justifies federal court intervention in a state court proceeding." Id. at 8. We also stated that our "Circuit has yet to adopt this position, and in light of our findings above, we decline to do so under the circumstances of this case." Id. Petitioner asserts that this "conclusion is flatly at odds with the Third Circuit's decision of this very issue in Evans v. Court of Common Pleas, 959 F.2d 1227 (3d Cir. 1992)." (Mot. Recons. at 4.)

However, after a review of Evans, we are not convinced that the Evans Court specifically

---

[7]The United States Supreme Court has required a showing of "unusual circumstances" before a federal court will be permitted to enjoin on-going state criminal proceedings. See Younger, 401 U.S. at 54.

determined that a double jeopardy claim constitutes an "unusual circumstance" under Younger. Nonetheless, we decline to analyze Evans because it is clear from our prior determination that we considered the exceptions under Younger and determined that none existed in this case. We stated that only where there has been a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief, it is appropriate for a federal court to enjoin or otherwise interfere in state criminal proceedings." Younger, 401 U.S. at 54. Robertson, 2013 WL 4718951, at *8-9. We went on to hold that there is no evidence of bad faith or harassment on the part of the prosecution in this case to warrant federal intervention under Younger. Id. Thus, because we specifically considered the exceptions to the Younger doctrine, Petitioner's claim is without merit.[8]

## IV. CONCLUSION

As stated above, a motion for reconsideration "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." Calhoun, 2009 WL 1321500, at *1. In our Memorandum Opinion, we carefully considered Petitioner's arguments and set forth in detail our reasoning in rejecting such arguments. Because we find no "need to correct a clear error of law or fact or to prevent manifest injustice," we deny the Motion for Reconsideration. See Max's Seafood Café, 176 F.3d

---

[8] Petitioner also asserts that "this Court did not consider the question of whether the trial court's erroneous description of what the photograph of petitioner's driver's license depicted may have influenced the Superior Court's decision to deny interlocutory review." (Mot. Recons. at 3 n.1.) However, this claim is clearly unexhausted. In order to satisfy the exhaustion requirement, it will have to be raised on direct appeal following a conviction on retrial because it was never considered by the Pennsylvania appellate courts. As discussed, such Courts only considered the issue of the frivolous determination by the trial court.

at 677.[9]

An appropriate Order follows.

---

[9]We also deny Petitioner's request for an issuance of a certificate of appealability.